IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN MICHAEL CREDICO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNKNOWN EMPLOYEE OF THE HOUSTON | : | NO. 13-4117 |
| FBI FORFEITURE UNIT | : | |
| ANY OTHER UNKNOWN D.O.J. AGENCY | : | |
| WHICH MAY BE DISCOVERABLE | : | |

**MEMORANDUM**

SANCHEZ, J.                                              JULY 24, 2013

Plaintiff Justin Michael Credico, a prisoner at the Chester County Prison, brought this action against an "unknown employee of the Houston FBI Forfeiture Unit" and "any other unknown D.O.J. Agency which may be discoverable" based on his allegation that the unknown employee called him a racial slur. The Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint with prejudice because it fails to state a claim.

**I. FACTS**

According to the complaint, after the Federal Bureau of Investigation (FBI) arrested a spokesman for the hacker group known as "Anonymous," plaintiff "called up the . . . FBI and somehow ended up talking to an agent of the forfeiture unit" located in Houston, Texas. (Compl. ¶ II.D.) Plaintiff and the agent began arguing about the arrest and other issues, at which point the agent allegedly called plaintiff an "Israeli-Iranian bitch nigger." (Id.) Plaintiff became angry. He subsequently called the agent back and recorded a conversation (apparently without the agent's consent), during which the agent allegedly

1

"us[ed] racial animus." (Id.)

Based on those allegations, the Court understands plaintiff to be bringing claims under the Federal Tort Claims Act (FTCA), and possibly pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on the alleged emotional distress that he suffered as a result of the agent's remarks. Liberally construing the complaint, plaintiff may also be bringing claims under state law for negligent and/or intentional infliction of emotional distress. He seeks damages in the amount of $300,000 and a declaration that he is entitled to asylum in Spain, Germany, Russia, and/or Ecuador.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

## III. DISCUSSION[1]

To the extent plaintiff sought to bring constitutional claims pursuant to Bivens, his claims fail because nothing in the complaint suggests that his constitutional rights have been violated. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution."); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999) (holding that an officer's use of a racial epithet, without more, "does not amount to an equal protection violation").[2] Plaintiff's FTCA claims fail because the FTCA "authorizes suits only against the United States itself, not individual defendants or agencies." Gary v. Pa. Human Relations Comm'n, 497 F. App'x 223, 228 (3d Cir. 2012) (per curiam); see also 28 U.S.C. § 2679. However, plaintiff will not be permitted to substitute the United States as a party because the complaint does not suggest any

---

[1] Plaintiff's use of certain language in his complaint is inappropriate. He alleges that he was "fuckin' pissed" as a result of the agent's conduct, claims that he sent his recording of the phone call to "every international mother fuckin' hacker [he] could find," and alleges that he "[t]old the FBI supervisor but ya'll [sic] don't do shit for nobody." Use of such language is completely unnecessary and wholly inappropriate. Plaintiff is put on notice that, if he continues to use such language in his filings in this or other cases before the Court, the Court will strike the offensive portions of his filings and/or consider sanctions, if sanctions are warranted. See Collura v. City of Phila., Civ. A. No. 12-4398, 2012 WL 6645532, at *3 & **7-8 (E.D. Pa. Dec. 21, 2012).

[2] "Fifth Amendment equal protection claims are examined under the same principles that apply to such claims under the Fourteenth Amendment." Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (en banc).

3

basis for a claim under the FTCA.

The FTCA partially waives the United States's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1); In re Orthopedic Bone Screw Prod. Liability Litig., 264 F.3d 344, 361-62 (3d Cir. 2001). In this case, the acts in question occurred in Texas. However, Texas does not recognize a cause of action for negligent infliction of emotional distress. Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex. 1993).

To recover on an intentional infliction of emotional distress claim in Texas, a plaintiff must establish that "(1) [the defendant] acted intentionally or recklessly; (2) [the defendant's] conduct was extreme and outrageous; (3) [the defendant's] actions caused [plaintiff] emotional distress; and (4) the resulting emotional distress was severe." Hairston v. S. Methodist Univ., — S.W.3d —, 2013 WL 1803549, at *3 (Tex. App. Apr. 30, 2013). "Extreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004) (quotations omitted). Here, the agent's use of racial slurs on two occasions, while inappropriate, is insufficiently

4

extreme and outrageous to justify liability as a matter of law. See id. ("Liability [for intentional infliction of emotional distress] does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."); see also Ugalde v. W.A. McKenzie Asphalt Co., 990 F.2d 239, 243 (5th Cir. 1993) (supervisor's use of racial slurs did not constitute extreme and outrageous conduct). Accordingly, plaintiff may not recover under the FTCA. His state law claims fail for the same reasons.[3]

As it is apparent that plaintiff is attempting to recover for conduct that is not actionable, he will not be given leave to file an amended complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (a district court need not afford a pro se plaintiff with leave to amend if amendment would be futile).

---

[3] Even if Pennsylvania law were applicable, plaintiff has not stated a claim. See Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) (to recover on a claim for intentional infliction of emotional distress under Pennsylvania law, a plaintiff must establish conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society") (quotations omitted); Toney v. Chester Cnty. Hosp., 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008) ("[T]he cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative."), order aff'd by equally divided court, 36 A.3d 83 (Pa. 2011).

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.